UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| GARY HARPER, | 3:13-cv-00644-MMD-WGC |
|---|---|
| Plaintiff, | **REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| v. | |
| BOARD OF PRISON COMMISSIONERS, et. al., | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4. Before the court is Defendants' Motion for Summary Judgment. (Doc. # 16.)[1] Plaintiff did not file a response.

After a thorough review, the court recommends that Defendants' motion be granted, and that Plaintiff's claims be dismissed without prejudice.

**I. BACKGROUND**

At all relevant times, Plaintiff was in custody of the Nevada Department of Corrections (NDOC). (Pl.'s Compl., Doc. # 5 at 1.) Plaintiff, a pro se litigant, brings this action pursuant to 42 U.S.C. § 1983. (*Id.*) The events giving rise to this action took place while he was housed at Northern Nevada Correctional Center (NNCC). (*Id.*) Defendants are NDOC Director G. Cox, NNCC Associate Warden Lisa Walsh, NNCC Warden I. Baca, NNCC Caseworker Shannon Moyle, and NNCC Caseworker N. Hughes. (*Id.* at 2-3.) The Board of Prison Commissioners was dismissed with prejudice on screening. (Screening Order, Doc. # 4 at 3 n. 1.)

Plaintiff alleges violations of the Americans with Disabilities Act (ADA), the Rehabilitation Act (RA) and the Equal Protection Clause of the Fourteenth Amendment.

---

[1] Refers to court's docket number.

(Doc. # 5 at 6.) He claims that he is a disabled person with Hodgkin's Lymphoma, and that Defendants determined that because of his disabilities he could not be assigned to any prison job and he was "medically unassigned." (*Id*. at 7.) He alleges that inmates who were "also medically unassigned" were able to receive work credits for ten days a month credit. (*Id*.) Plaintiff sought this credit, but avers that Baca, Walsh, Hughes, Moyle and Cox denied him those work credits. (*Id*.) He claims the prison had a policy that permitted working, able-bodied inmates to earn ten days a month off of their prison sentence, but penalized crippled or disabled inmates by denying them the same opportunities. (*Id*.) Thus, only health inmates could earn release from prison early, and only healthy inmates could reach Level 1 classification housing where they enjoyed greater privileges and opportunities. (*Id*.)

Defendants have filed a motion for summary judgment arguing that Plaintiff failed to exhaust his administrative remedies before filing this lawsuit. (Doc. # 16.)

## II. LEGAL STANDARD

While Plaintiff failed to file a response to Defendants' motion, "the Advisory Committee Notes regarding the 2010 revision [to Rule 56] explain that these amendments prohibit the grant of summary judgment 'by default even if there is a complete failure to respond to the motion.'" *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013) (quoting Fed. R. Civ. P. 56 Advisory Committee Notes (2010)). "If there is a failure to respond, the Rule 'authorizes the court to consider a fact undisputed.'" *Id*. Thus, even though Plaintiff failed to respond to the motion, the court must engage in a complete substantive analysis of Defendants' motion.

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). An inmate must exhaust his administrative remedies irrespective of the forms of relief sought and offered through administrative avenues. *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The failure to exhaust administrative remedies is "'an affirmative defense the defendant must plead and prove.'" *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014), *cert. denied*, 135

S.Ct. 403 (Oct. 20, 2014) (quoting *Jones v. Bock*, 549 U.S. 199, 204, 216 (2007)). Unless the failure to exhaust is clear from the face of the complaint, the defense must be raised in a motion for summary judgment. *See id*. (*overruling, in part, Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which stated that failure to exhaust should be raised in an "unenumerated Rule 12(b) motion"). As such, "[i]f undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56. If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts [in a preliminary proceeding]." *Id*., 1168, 1170-71 (citations omitted). "Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim. If discovery is appropriate, the district court may in its discretion limit discovery to evidence concerning exhaustion, leaving until later—if it becomes necessary—discovery related to the merits of the suit." *Id*. at 1170 (citing *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008)). If there are disputed factual questions, they "should be decided at the very beginning of the litigation." *Id*. at 1171.

"The PLRA mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging prison conditions,' including, but not limited to, suits under § 1983." *Id*. (citing *Woodford v. Ngo*, 548 U.S. 81, 85 (2006)). To be clear, "[a]n inmate is required to exhaust only *available* remedies." *Id*. (emphasis original) (citing *Booth v. Churner*, 532 U.S. 731, 736 (2001)). "To be available, a remedy must be available 'as a practical matter'; it must be 'capable of use; at hand.'" *Id*. (quoting *Brown v. Valoff*, 422 F.3d 926, 937 (9th Cir. 2005)).

Once a defendant shows that the plaintiff did not exhaust available administrative remedies, the burden shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id*. at 1172 (citing *Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n. 5 (9th Cir. 1996)). The ultimate burden of proof, however, remains with the defendant. *Id*.

The Supreme Court has clarified that exhaustion cannot be satisfied by filing an untimely or otherwise procedurally infirm grievance, but rather, the PLRA requires "proper exhaustion."

*Woodford v. Ngo*, 548 U.S. 81, 89 (2006). "Proper exhaustion" refers to "using all steps the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Id*. (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original).

If the court concludes that administrative remedies have not been properly exhausted, the unexhausted claim(s) should be dismissed without prejudice. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003), *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162.

### III. DISCUSSION

**A. AR 740**

Administrative Regulation (AR) 740 governs the inmate grievance procedure within NDOC. (Doc. # 16-1.) "Inmates may use the Inmate Grievance Procedure to resolve addressable inmate claims including, but not limited to, personal property, property damage, disciplinary appeals, personal injuries, and any other tort claim or civil rights claim relating to conditions of institutional life." (*Id*. at 3, AR 740.03.1.)

Prior to filing a grievance, an inmate is "expected to resolve grievable issues through discussion with their caseworker." (*Id*. at 5, AR 740.04.1.) If a resolution is unsuccessful, the inmate may then proceed with the grievance process, which consists of three levels: informal, first and second level grievances. The first level is an informal level grievance. (*Id*., AR 740.05.) "An inmate who is dissatisfied with the response to a grievance at any level may appeal the grievance to the next level, within the substantive and procedural requirements outlined [in AR 740]." (*Id*. at 4, AR 740.03.6.) The "time limits [for filing a first or second level grievance] shall begin to run from the date an inmate receives a response for appeal and the date the Department's respondent receives the appeal." (*Id*., AR 740.03.7.) An appeal of a decision on an informal or first level grievance must be filed within five days of receipt of the response. (*Id*. at 7 (AR 740.05.12.A), 8 (AR 740.06.4.A).) When an overdue grievance is received, it is logged into NDOC's NOTIS system, and the grievance response form will note that the inmate exceeded the allowable timeframe and no action will be taken. (*Id*. at 6, AR 740.05.8.A, B.)

**B. Grievance 2006-29-41367**

On March 6, 2012, Plaintiff filed an informal grievance related to lost work credits dating

back to October 2010. (Doc. # 16-2 at 7-8.) On May 22, 2012, he received a response that AR 563 does not allow work good time credit that has not been earned and the informal grievance was denied. (*Id*. at 6.) Plaintiff filed a first level grievance dated May 24, 2012. (*Id*. at 4-5.) The response to the first level grievance advised Plaintiff that pursuant to NRS 209.4465 an inmate who performs duties assigned can receive work credits, and thus, in accordance with the NRS and AR 563, he had to be assigned a job or enrolled in education courses to get work credit. (*Id*. at 2.) Thus, the first level grievance was denied. (*Id.*) Plaintiff did not file a second level grievance. Therefore, Plaintiff abandoned the grievance and failed to exhaust his administrative remedies with respect to this claim utilizing this grievance.

**C. Grievance 2006-29-58958**

Plaintiff filed a grievance dated March 26, 2013, stating that he was losing 10 days a month for being medically unassigned. (Doc. # 16-3 at 3-4.) He received DOC-3098, an improper grievance memorandum, stating that pursuant to AR 740.04.1 he was required to try to resolve grievable issues with a discussion with his caseworker prior to initiating the grievance process. (*Id.* at 2.) Plaintiff did not pursue this grievance any further. Therefore, he did not exhaust his administrative remedies for his claim utilizing this grievance.

**D. Grievance 2006-29-59097**

Plaintiff filed a grievance dated March 28, 2013, requesting 533 days work credit due to being medically unassigned. (Doc. # 16-4 at 9-10.) It was denied, stating that AR 563.01.2 requires the work credit coordinator to verify inmate job assignments, which ensures that inmates not assigned to work or study do not receive credits. (*Id.* at 8.) It was returned on June 20, 2012. (*Id.* at 9.) Plaintiff submitted a first level grievance on June 28, 2013 (*id.* at 7), which was denied as being outside the five-day timeframe from the time he received the response to the informal level grievance (*id.* at 5.). On September 12, 2012, he submitted a second level grievance. (*Id.* at 4.) It was also denied as untimely. (*Id*. at 2.)

Plaintiff did not submit his first or second level grievances within the time frame set forth in AR 740; therefore, he did not properly exhaust his administrative remedies for his claim utilizing this grievance.

**E. Conclusion**

None of the grievances filed by Plaintiff on the issue of not receiving good time credits when he was deemed "medically unassigned" properly exhaust his administrative remedies. Therefore, summary judgment should be granted in Defendants' favor and Plaintiff's claims under the ADA, RA and Equal Protection Clause should be dismissed without prejudice.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **GRANTING** Defendants' Motion for Summary Judgment (Doc. # 16) and **DISMISS** Plaintiff's claims **WITHOUT PREJUDICE**.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: December 22, 2014

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE